**NATIONAL TREASURY EMPLOYEES UNION, et al.**

v.

**Ronald REAGAN, et al.**

**Civ. A. Nos. 86–4058, 86–3522.**

United States District Court, E.D. Louisiana.

Jan. 14, 1987.

Lois G. Williams, Director of Litigation, Elaine Kaplan, Asst. Counsel, Washington, D.C., Charles C. Garretson, New Orleans, La., for Nat. Treasury Employees Union,

Maureen Shaffer, Mariam C. Jones and Charles B. Henry.

Mark D. Roth, Joe Goldberg, Washington, D.C., for American Federation of Government Employees, AFL–CIO.

H. Stephan Gordon, Clinton D. Wolcott, Washington, D.C., for Nat. Federation of Federal Employees.

Richard Greenberg, Jeffrey S. Paulsen, Robert C. Chestnut, Dept. of Justice, Civil Div., Washington, D.C., for Ronald Reagan and Constance Horner.

ROBERT F. COLLINS, District Judge.

The defendant herein, Ronald W. Reagan, has moved to dismiss all claims filed against him. Initially, defendant sought dismissal on three grounds: (1) improper venue; (2) lack of ripeness; (3) exclusive jurisdiction of administrative forums.

Since the Motion to Dismiss was filed, individuals who reside in this district were added as plaintiffs in an Amended Complaint, and the Office of Personnel Management has published drug testing regulations under Executive Order 12564. Defendant has therefore now conceded that venue is proper in this district, and that this case is ripe for resolution. The only argument still put forth by the defendant in support of dismissal is that the Civil Service Reform Act (CSRA) precludes this Court's jurisdiction over plaintiffs' claims.

This Court has already held that a claim for injunctive and declaratory relief to block urinalysis by the Customs Service is not precluded by the CSRA. *NTEU v. Von Raab*, 649 F.Supp. 380 (E.D.La.1986). The Court now holds that a claim for declaratory and injunctive relief to block nationwide urinalysis drug testing of federal employees in "sensitive" positions is not precluded by the CSRA. Since plaintiffs' claims for injunctive and declaratory relief are not cognizable under the broad administrative scheme of the CSRA, they are properly brought directly in federal district court.

The Supreme Court has already indicated that certain actions by supervisors against federal employees, such as warrantless searches, are not "personnel actions" within the statutory scheme into which the defendant seeks to relegate to plaintiffs.[1] *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404 at 2415, n. 28, 76 L.Ed.2d 648 (1983).

Warrantless urinalysis drug testing constitutes a "warrantless search." *NTEU v. Von Raab, supra; American Federation of Government Employees, AFL–CIO, et al. v. Weinberger*, 651 F.Supp. 726, (S.D.Ga.1986); *Capua v. City of Plainfield*, 643 F.Supp. 1507 (D.N.J.1986); *Jones v. McKenzie*, 628 F.Supp. 1500 (D.D.C.1986); *McDonell v. Hunter*, 612 F.Supp. 1122 (D.C.Iowa 1985). Since "warrantless searches" are not "personnel actions" cognizable under the CSRA, *Bush v. Lucas, supra*, the preclusive effect of the CSRA does not operate to deprive plaintiffs of the right to seek injunctive and declaratory relief in federal district court.

The Court rejects the defendant's contention that "characterization of drug screening as 'warrantless searches' does not remove such searches from the scope of the CSRA." The only citation provided by the defendant for the proposition that *Bush* does not support an exception to the exclusivity of CSRA remedies for matters at issue here is *Heaney v. United States Veterans Administration*, 756 F.2d 1215 (1985). *Heaney* was an action for damages; the instant action is one for injunctive and declaratory relief. Moreover, and more importantly, in *Heaney* the plaintiff admitted that his grievances *were* cognizable under the rules of the Department of Medicine and Surgery (DMS). 756 F.2d at 1218.[2] In the instant case, on the other

---

1. For a detailed discussion of this issue, see this Court's analysis in *NTEU v. Von Raab*, 649 F.Supp. 380 (E.D.La.1986). That analysis is incorporated herein by reference.

2. Unlike many federal employees, medical personnel at Veterans Administration hospitals are not subject to the terms of the Civil Service Reform Act. *Heaney*, 756 F.2d at 1218. Rather, they are subject to the rules of the Department of Medicine and Surgery, which were specifically designed to offer less protection than the CSRA. 756 F.2d at 1218.

hand, plaintiffs contend that their grievances *are not* cognizable under the elaborate civil service review mechanism for disputes arising under the employment relationship. The defendant's Motion to Dismiss must be denied because the procedures available under the CSRA cannot afford plaintiffs adequate relief. Heaney's claim was properly dismissed, though, because procedures under the DMS system "do not deny a measure of relief to someone in Heaney's position." 756 F.2d at 1222. *Bush* footnote 28 did not apply in *Heaney*, but it does apply here.

In the context of urinalysis drug testing, adequate protection of federal employees' constitutional rights of privacy and freedom from unreasonable searches and seizures is not provided by the CSRA. If this Court were to decline jurisdiction over this case by virtue of the CSRA, drug testing of federal civilian employees would go forward. Employees would be forced to "consent" to potentially unreasonable and unconstitutional searches and seizures under the pain of loss of their positions.

Since employees who test negative for drugs would not suffer adverse personnel action, such employees would have no basis to challenge disciplinary actions to the Merit Systems Protection Board, or to bring an appeal to the United States Court of Appeals for the Federal Circuit. Employees who test negative for drugs may have suffered invasions of privacy as well as unconstitutional searches and seizures, but would have no avenue for relief under the CSRA, because no adverse personnel action would have been taken against them, since their urine specimens were negative.

While conceding that an employee who tests negative for drugs will suffer no adverse personnel action, and will therefore have no available avenue of relief to the Merit Systems Protection Board, U.S. District Judge Hogan has suggested that "nothing would prevent the employee from bringing a Bivens-type [damages] action against the individuals who ordered or supervised his drug testing." *National Federation of Federal Employees, et al., v. Weinberger, et al.,* 640 F.Supp. 642 (D.D.C. 1986).

The shallowness of this purported remedy was explored at length by U.S. District Judge Edenfield in *American Federation of Government Employees, AFL–CIO, et al. v. Weinberger,* 651 F.Supp. 726, (S.D. Ga.1986):

> These employees [who test negative for drugs] will have no access to the MSPB. It is this majority of employees that are said to have an adequate remedy at law through a *Bivens*-type action. While it seems at least questionable whether a *Bivens* suit could be brought against officials administering a [urinalysis drug-testing] procedure ... it remains clear that the action would have little chance of success. It seems inconceivable to the Court that an action of this type could survive a motion for summary judgment on qualified immunity grounds. ... If the testing is found to be unconstitutional, the officials administering or ordering the implementation of the test will surely be entitled to qualified immunity, because a feasible argument can be advanced that, at the time of the program's implementation, it was not clear that reasonable suspicion was required. *See generally, Harlow v. Fitzgerald,* 457 U.S. 800 [102 S.Ct. 2727, 73 L.Ed.2d 396] (1982); *Kirkpatrick v. City of Los Angeles,* [803 F.2d 485] note 7, (9th Cir.1986). The technical availability of an action through which no relief can be obtained hardly qualifies as a meaningful remedy. Moreover, whether the officers could sue the United States under the Federal Tort Claims Act for the actions of those implementing or administering the tests is doubtful. *See generally, McCollum v. Bolger,* 794 F.2d 602 (11th Cir.1986); *Caban v. United States,* 728 F.2d 68 (2nd Cir.1984).

*American Federation of Government Employees, AFL–CIO v. Weinberger,* 737–38.

A thorough analysis of the statutory framework into which defendant seeks to relegate plaintiffs reveals that employees who test negative will have no basis to appeal an adverse personnel action to the Merit Systems Protection Board, since no

adverse personnel action will be taken against employees who test negative, and that any damages remedy available to employees who are tested may be rendered meaningless by the doctrine of qualified immunity.

It would be absurd for this Court to hold that plaintiffs must submit to allegedly unconstitutional programs established by the defendant, then attempt to seek damages under the CSRA. The more sensible approach is to enjoin the activity in the first place. Rather than forcing the plaintiffs to submit to an allegedly unconstitutional program, then pursue a tenuous damages remedy in court, this Court will exercise jurisdiction over plaintiffs' claims for declaratory and injunctive relief.

The Court concludes that the CSRA does not preclude federal district court jurisdiction over the instant claims for injunctive and declaratory relief. Accordingly, the Motion to Dismiss is DENIED.